IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALOYSIUS M. OLIVER,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　　Case No. 3:14-cv-315-NJR-DGW
　　　　　　　　　　　　　　　　　)
HOWARD HARNER and RICK　　　　　)
HARRINGTON,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a), for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff, Aloysius M. Oliver, on May 27, 2014 (Doc. 19). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, an inmate at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983, on the basis of the alleged denial of his request for a kosher diet that conforms to the tenets of his religion. Following a preliminary review of Plaintiff's Complaint, the Court found that Plaintiff articulated a colorable federal cause of action on two counts: Count 1 alleging violations of the Free Exercise Clause of the First Amendment and violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA); and, Count 2 alleging violations of the

Equal Protection Clause of the Fourteenth Amendment.

Plaintiff, an African Hebrew Israelite, asserts that his religious tenets require him to consume a kosher diet.   According to Plaintiff's Complaint, since transferring to Menard in July, 2012, he has been receiving a vegan diet, not a kosher diet and, as a result, has suffered headaches, stomach aches, anxiety, and fluctuation of his weight.   In Plaintiff's Motion for Preliminary Injunction, he reasserts the crux of his Complaint — that Defendants continue to deny him a kosher diet, and, as a result, he is malnourished, suffering weight loss, hunger pains, headaches, and mental and emotional anguish.   Plaintiff also mentions that another inmate, Michael Widmer, who is Caucasian and an African Hebrew Israelite, receives a kosher diet.   Plaintiff asserts that this raises questions of discrimination and equal protection.   In response to Plaintiff's Motion, Defendants Harrington and Harner argue that Plaintiff has not met his burden in demonstrating that he is entitled to a preliminary injunction.   Specifically, Defendants assert that Plaintiff will not likely succeed on the merits of his lawsuit and, Plaintiff has not presented competent evidence that he is being harmed by the lack of a kosher diet.   Defendant also mentions that Plaintiff failed to explain why a vegan diet does not satisfy his religious needs.

In support of their argument, Defendants submitted an affidavit of Gail Walls, the Health Care Unit Administrator at Menard Correctional Center, as well as a number of Plaintiff's Outpatient Progress Notes from the time period relevant to Plaintiff's lawsuit (Docs. 20-1 and 20-2).   According to Ms. Walls' Affidavit and the accompanying Progress Notes, Plaintiff was seen by medical personnel at least five times between June 5, 2013 and April 25, 2014.   During this time period, the Progress Notes indicate that Plaintiff gained over 20 pounds, as his weight increased from 143 pounds to 165 pounds.   Further, Ms. Walls' Affidavit states that if Plaintiff

had complained to a correctional nurse, medical technician, or doctor of weight loss or being malnourished, these complaints would be reflected in the Progress Notes.  However, no such complaints were reflected in the Progress Notes.

Plaintiff submitted a reply to Defendant's Response (Doc. 21), asserting that it is irrelevant that Plaintiff did not lose weight.   Plaintiff also indicated that he weighed approximately 160-165 pounds when he arrived at Menard on July 3, 2012.   Further, Plaintiff asserts that he will not argue about the tenets of his religion or why a vegan diet does not meet his religious beliefs.  Plaintiff also submitted an affidavit of inmate Michael Widmer, attesting that he has witnessed many incidents of staff misconduct at Menard, that he is provided a kosher diet, and that he has personal knowledge of Plaintiff seeking a kosher diet.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).  The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."  *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."  *AM General Corp. v.*

*DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  *Id.*   In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. § 3626(a)(2).   Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.   The movant's threshold burden, however, is to show the first three factors.  *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

In this case, Plaintiff has not met his threshold burden because he has failed to show he will suffer irreparable harm and that he has no adequate remedy at law.   *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.   The injury must be of a particular nature, so that compensation in money cannot atone for it." (quotation marks, internal editing marks, and citation omitted)).   Although Plaintiff argues that he is malnourished and suffering from various ailments due to Defendant's refusal to provide him with a kosher diet, he has failed to substantiate his claims.   Plaintiff failed to provide any medical records indicating that he has lost weight or has complained to prison medical personnel about his alleged ailments.   As such, Plaintiff has not provided any evidence that he is in imminent danger of suffering irreparable harm.   Rather, based on the evidence provided, Plaintiff has gained over 20 pounds in the last thirteen months and, based on Plaintiff's own statement, as of April 25, 2014, it appears that he was at approximately the same weight he was when he arrived at Menard (between 160-165 pounds).   As such, there is

no indication that Plaintiff may be subject to any irreparable or imminent harm, and it appears there is sufficient time for him to acquire an adequate remedy at law.  Further, with regards to Plaintiff's references to Michael Widmer, and his assertions that he is being discriminated against by Defendants, there is no indication that Plaintiff is in danger of suffering any irreparable harm related to these claims, and they also appear to have an adequate remedy at law.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction filed by Plaintiff, Aloysius Oliver, on May 27, 2014 (Doc. 19) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 10, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**